IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-00163-FL

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA, ex rel. ROY COOPER, Attorney General, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | ORDER |
| THE MCGRAW-HILL COMPANIES, INC., and STANDARD & POOR'S FINANCIAL SERVICES LLC, | ) ) ) ) | |
| Defendants. | ) | |

On February 5, 2013, plaintiff filed this action in Wake County Superior Court contending defendants violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1. On March 6, 2013, defendants removed this action to this court. On March 8, 2013, defendants filed a motion for consolidated proceedings for this and fifteen (15) other similar actions to be heard before the United States Judicial Panel on Multidistrict Litigation ("JPML"), for a determination as to whether all the cases could be consolidated pursuant to 28 U.S.C. § 1407, and transferred to a single federal district court. This matter comes now before the court on defendants' motion to stay the proceedings (DE 8), filed in the case March 11, 2013, pending consideration by the JPML. This motion is ripe for adjudication. Plaintiff's motion to remand (DE 18), filed April 1, 2013, also is pending.

## COURT'S DISCUSSION

This case, brought on behalf of the State of North Carolina, is one of many variously filed by a nationwide group of Attorneys General of various states and the District of Columbia, against defendants, for alleged violations of respective state consumer protection and unfair trade practices laws. The Attorneys General complain that defendant Standard & Poor's Financial Services, LLC ("the S&P"), yielded to pressure from issuers of securities to assign higher credit rating than it otherwise would have, thereby rendering "false" various statements the S&P has made over the years about the independence of its credit ratings process. The notice of removal notes that the ratings process and the potential for conflicts of interest with respect to ratings are subject to extensive federal regulation and that the ratings themselves are also protected speech within the First Amendment. Defendants assert that plaintiff's action is designed to try to avoid the federal statutory and constitutional law issues.

Defendants' motion requests that the court enter a stay of the proceedings while the JPML makes a determination. A district court has broad discretionary authority to issue stays as a mechanism for controlling its docket. See Clinton v. Jones, 520 U.S. 681, 706 (1996). The court's discretion is not, however, without bounds. See id. at 707 (explaining that the district court should not defer trial without taking into account "the respondent's interest in bringing the case to trial").

The proponent of a stay must establish that stay is needed. Id. Defendants in this cased base their motion to stay on the fact that the JPML will have a hearing and decide whether similar actions pending in federal court can be consolidated. The court, in its discretion, does not find sufficient need here for the sought-after stay, especially when considered against the threshold question of subject matter jurisdiction raised by plaintiff in its motion to remand. The court's determination in

this instance is not without precedence. See, e.g., J.C. v. Pfizer, Inc., No. 3:12-cv-04103, 2012 U.S. Dist. LEXIS 136791, at *11 (S.D. W. Va. Sept. 25, 2012) ("Although transferee courts can and do consider remand motions in cases transferred to MDL, such a delay in resolution may also frustrate the state court's ability to process and conclude claims in its courts. In this case, the Court denies the motion to stay and will address the motions to remand."); South Carolina v. Boehringer Ingelheim Roxane, Inc., No. 3:07-cv-00665, 2007 U.S. Dist. LEXIS 30983, at *6-7 (D. S.C. April 26, 2007) (denying motion to stay a resolution of the motion to remand before transferring to the JPML); Walker v. DePuy Orthopaedics, Inc., No. 3:11-cv-02291, 2011 U.S. Dist. LEXIS 119182, at *4-7 (D. S.C. Oct. 12, 2011) (denying defendant's motion to stay pending transfer to JPML and granting plaintiff's motion to remand). When ripe, the court will take up and decide plaintiff's motion to remand the case to the state court.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay is DENIED.

SO ORDERED, this the 25th day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge